Lee M. Perlman
1926 Greentree Road, Suite 100
Cherry Hill, NJ 08003
(856) 751-4229
Additional Counsel on Signature Page
Attorney(s) for Plaintiff and the Class

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **NORRIS NEWTON, on behalf of himself and all others similarly situated,** | ) ) ) | **CLASS ACTION** |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **C. A. No. 09-** |
| **SAVIT COLLECTION AGENCY** | ) ) | |
| **Defendant.** | ) ) ) | **JURY TRIAL DEMANDED** |

## COMPLAINT - CLASS ACTION

### I.     INTRODUCTION

1.     This is a consumer class action brought on behalf of New Jersey consumers against a debt collection agency for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), which prohibits debt collectors from engaging in false, deceptive, misleading or unfair collection practices.

### II.     JURISDICTION AND VENUE

2.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331, 1337.

3.     Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

### III.     PARTIES

4.     Plaintiff Norris Newton is an individual residing in New Brunswick, New Jersey.

5.     Defendant SaVit Collection Agency ("SaVit") is a consumer debt collection agency with offices at 46 West Ferris Street, Suite C, East Brunswick, New Jersey 08816.  At all times pertinent hereto, SaVit used the instrumentality of interstate commerce or the mails in a business the principal purpose of which is the purchase of bad, discharged or defaulted consumer debt at a substantial discount and the collection of such debts, or regularly collected or attempted to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

### III.     FACTUAL ALLEGATIONS

6.     At all pertinent times hereto, Defendant was hired by Omni Eye Services of New Jersey to collect a debt relating to medical services (hereafter the "debt").

7.     The alleged debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

8.     On or about June 11, 2009, SaVit wrote and mailed a standardized form collection letter to the Plaintiff, a copy of which is attached hereto as Exhibit A.

9.     The letter represented in pertinent part that SaVit was a "**MEMBER EXPERIAN, EQUIFAX AND TRANSUNION CREDIT BUREAUS**."  *See* Exhibit A (emphasis in original).

10.     The letter was false, deceptive, misleading, unfair and unconscionable.  SaVit is not a member of the three major consumer reporting agencies, Experian, Equifax and TransUnion.

11.     The letter is in violation of sections 1692e, e(10), e(16) and 1692f of the FDCPA, which prohibit the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt;" "any false representation or deceptive means to collect or attempt to collect any debt;" "false representation or implication that a debt collector operates or

is employed by a consumer reporting agency;" and, "unfair or unconscionable means to collect or attempt to collect any debt."

12.     As a result of Defendant's conduct, Plaintiff has sustained actual damages including, but not limited to, injury to Plaintiff's reputation, out-of-pocket expenses, damage to Plaintiff's credit, physical, emotional and mental pain and anguish and pecuniary loss, and Plaintiff will continue to suffer same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

## V.     CLASS ACTION ALLEGATIONS

13.     Plaintiff brings this action individually and as a class action, pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, on behalf of the following Class: all persons in the State of New Jersey to whom, during the one year prior to the filing of this action, Defendant SaVit sent a letter substantially in the form of the letter attached hereto as Exhibit A.

14.     The Class is so numerous that joinder of all members is impracticable.   Although the precise number of Class members is known only to Defendant, SaVit regularly utilizes the form letter at issue here to collect or attempt to collect debt from New Jersey consumers.

15.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual Class members.   The principal question is whether Defendant's form collection letter identifying itself as "**MEMBER EXPERIAN, EQUIFAX AND TRANSUNION CREDIT BUREAUS**" violated the FDCPA.

16.     Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories.

17.     Plaintiff will fairly and adequately protect the interests of the Class.   Plaintiff is

committed to vigorously litigating this matter and has retained counsel experienced in handling class actions and claims involving unfair collection and unlawful business practices. Neither Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue this claim.

18.     This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Class, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

19.      A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action under the FDCPA are $1,000.00. Management of the Class claims is likely to present significantly fewer difficulties than those presented in many class claims. The identities of the Class members may be obtained from Defendant's records.

## VI.     CLAIMS

### Count One - FDCPA

20.     Plaintiff repeats and realleges all paragraphs above as if fully set forth herein.

21.     Plaintiff is a "consumer" within the meaning of section 1692a(3) of the FDCPA.

22.     Defendant is a "debt collector" within the meaning of section 1692a(6) of the FDCPA.

23.  The letter mailed to Plaintiff by the Defendant is a "communication" relating to a "debt" as defined by sections 1692a(2) and 1692a(5) of the FDCPA.

24.  Defendant violated the FDCPA.  Defendant's violations include, but are not limited to, violations of sections 1692e and 1692f of the FDCPA, as evidenced by the following conduct:

(a)  using false, deceptive or misleading representations or means in connection with the collection of debt, in violation of section 1692e;

(b)  using a false representation or deceptive means to collect or attempt to collect a debt, in violation of section 1692e(10);

(c)  using the false representation or implication that it operates or is employed by a consumer reporting agency;

(d)  using unfair or unconscionable means to attempt to collect a debt, in violation of section 1692f of the FDCPA; and

(e)  otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt from the Plaintiff.

25.  Defendant's actions as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

26.  As a result of the violations of the FDCPA, Defendant is liable to the Plaintiff and members of the Class for actual damages, statutory damages, costs and attorneys fees.

## VII.  <u>JURY TRIAL DEMAND</u>

27.  Plaintiff demands trial by jury as to all issues so triable.

## VIII.  <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a)     That an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the Class;

(b)     That judgment be entered against Defendant for actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

(c)     That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B);

(d)     That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3); and,

(e)     That the Court grant such other and further relief as may be just and proper.

Date:  September 24, 2009

/s/ Lee M. Perlman
Lee M. Perlman
1926 Greentree Road, Suite 100
Cherry Hill, NJ 08003
(856) 751-4224

ADDITIONAL COUNSEL:
**DONOVAN SEARLES, LLC**
David A. Searles, Esquire
1845 Walnut Street, Suite 1100
Philadelphia, PA  19103
(215) 732-6067

Attorneys for Plaintiff and the Class