**\*NOT FOR PUBLICATION\***

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

—————————————————————  :
                                                           :
NORRIS NEWTON, on behalf of himself     :
and all others similarly situated,                   :
                                                           :         Civil Action No. 09-4911 (FLW)
                          Plaintiff,                       :
                                                           :                **OPINION**
v.                                                          :
                                                           :
                                                           :
SAVIT COLLECTION AGENCY,               :
                                                           :
                          Defendant.                    :
—————————————————————  :

**WOLFSON, District Judge**:

        This putative class action suit is brought by Plaintiff Norris Newton ("Plaintiff") against

Defendant Savit Collection Agency ("Defendant") for allegedly violating the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). Specifically, the one-count

Complaint simply alleges that by placing the sentence—"MEMBER EXPERIAN, EQUIFAX

AND TRANSUNION CREDIT BUREAUS"—in a debt collection letter to Plaintiff, Defendant

falsely and deceptively misled Plaintiff in an unfair and unconscionable manner. In the present

matter, Defendant moves for summary judgment and Plaintiff cross moves for summary

judgment. For the reasons stated below, the Court denies both motions.

### BACKGROUND

        The facts of this case are not complex and they are relatively straightforward. This case

centers on a collection letter sent by Defendant, a consumer debt collection agency, to Plaintiff

on June 11, 2009 (the "Collection Letter"). See Collection Letter dated June 11, 2009. The

letter sought to collect a debt in the amount of $1,000.00 that Plaintiff allegedly owned to Omni

Eye Services of New Jersey.  At issue is the phrase "MEMBER EXPERIAN, EQUIFAX AND TRANSUNION CREDIT BUREAUS", located at the bottom of the Collection Letter.  See id. The letter states, in full:

> We sent you a first notice which included your rights under the Fair Debt Collection Practices Act.  You still have time to exercise your rights.
>
> This is a communication from a debt collector.  This is an attempt to collect a debt.  Any information obtained will be used for that purpose.
>
> **MEMBER EXPERIAN, EQUIFAX AND TRANSUNION CREDIT BUREAUS**

Id. (emphasis in original).

Plaintiff claims that Defendant's statement that it is a member of all three credit bureaus is false or misleading and thus, violates §§ 1962(e) and 1692f of the FDCPA.  Conversely, in its motion for summary judgment, Defendant maintains that there is sufficient evidence to show that Defendant is indeed a member of the bureaus.  In addition, Defendant contends that since Plaintiff had an ongoing bankruptcy claim at the time he filed this Complaint, Plaintiff has no standing to pursue this litigation.  The Court first addresses whether Plaintiff has standing to bring suit.

## DISCUSSION

### I.     Standard of Review

"Summary judgment is proper if there is no genuine issue of material fact and if, viewing the facts in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law." Pearson v. Component Tech. Corp., 247 F.3d 471, 482 n.1 (3d Cir. 2001) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)); accord Fed. R. Civ. P. 56(c).

For an issue to be genuine, there must be "a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party." Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In determining whether a genuine issue of material fact exists, the court must view the facts and all reasonable inferences drawn from those facts in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Curley v. Klem, 298 F.3d 271, 276-77 (3d Cir. 2002). For a fact to be material, it must have the ability to "affect the outcome of the suit under governing law." Kaucher, 455 F.3d at 423. Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.

Initially, the moving party has the burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp., 477 U.S. at 323. Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial. Id.; Maidenbaum v. Bally's Park Place, Inc., 870 F. Supp. 1254, 1258 (D.N.J. 1994). Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party. Anderson, 477 U.S. at 256-57. "A nonmoving party may not 'rest upon mere allegations, general denials or . . . vague statements . . . .'" Trap Rock Indus., Inc. v. Local 825, Int'l Union of Operating Eng'rs, 982 F.2d 884, 890 (3d Cir. 1992) (quoting Quiroga v. Hasbro, Inc., 934 F.2d 497, 500 (3d Cir. 1991)). Moreover, the non-moving party must present "more than a scintilla of evidence showing that there is a genuine issue for trial." Woloszyn v. County of Lawrence, 396 F.3d 314, 319 (3d Cir. 2005). Indeed, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for

3

discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex, 477 U.S. at 322.C

Moreover, in deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249. Credibility determinations are the province of the fact finder.  Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).

## II.    Standing

Defendant's argument regarding Plaintiff's lack of standing relates to Plaintiff's previously dismissed bankruptcy proceeding.  The following facts relating to the bankruptcy proceeding are not in dispute.  By way of a brief background, Plaintiff filed a Chapter 13 bankruptcy on November 10, 2008.  Plaintiff did not explicitly disclose this suit in his bankruptcy petition.   However, he disclosed a "Potential FDCPA/FCRA Adversary Complaint against listed creditor on Schedule F," see Cipparulo Decl., Exh. K, and he expressly denoted Defendant as a creditor on Schedule F, albeit for a different debt.  Id.  The petition was confirmed on January 13, 2009.

Several months after Plaintiff filed his bankruptcy petition, Defendant mailed the letter which is the subject of the instant dispute.  Plaintiff received that letter on June 11, 2009. Thereafter, on September 24, 2009, Plaintiff filed the instant suit.  Approximately two months later, on November 25, 2009, his bankruptcy was dismissed.  The Notice of Order Dismissing Case states that "[a]ny discharge which was granted as to the above mentioned debtor(s) in this

4

case is vacated." Id.

Defendant argues that this suit should be dismissed for lack of standing because Plaintiff failed to disclose his claim in his bankruptcy petition.  In support of this argument, Defendant cites to several non-binding cases that have dismissed claims a plaintiff failed to disclose in a bankruptcy proceeding and the plaintiff ultimately discharged liabilities through the bankruptcy. By way of example, Defendant cites to Tuttle v. Equifax Check Serv., Inc., No. 3-96-948, 1997 WL 835055 (D.Conn. 1997), which held that a plaintiff, "having obtained judicial relief in his bankruptcy proceeding without disclosure of his FDCPA claims, can not now resurrect them and obtain relief on the opposite basis." Id. at *3 (citation omitted).  The rationale underlying Tuttle is that it would be unjust for a plaintiff to discharge his debts to his creditors in bankruptcy only to subsequently file suit against those creditors under the FDCPA.  Here, that rationale does not apply because Plaintiff did not discharge any debts in bankruptcy; as noted, his bankruptcy petition was dismissed.

In addition, as Plaintiff correctly points out, Plaintiff's bankruptcy proceeding was a voluntary Chapter 13 proceeding whereas each of the cases cited by Defendant involve involuntary proceedings under Chapter 7.  See e.g., Chartschlaa v. Nationwide Mut. Ins. Co., 538 F.3d 116 (2d Cir. 2008); Correll v. Equifax Check Serv., Inc., 234 B.R. 8 (D.Conn. 1997). This distinction is important because, while Defendant argues that it is the trustee who has standing to assert claims on behalf of the debtor, that practice applies only to involuntary proceedings—not to voluntary proceedings under Chapter 13.  See 5-542 COLLIER ON BANKRUPTCY at 542.06 ("Although the chapter 13 trustee has many of the same duties and responsibilities as the chapter 7 trustee, the chapter 13 trustee does not take control of the

5

debtor's property, see 11 U.S.C. § 1306(c).")

Lastly, while Defendant further argues that Plaintiff's claim should be barred by judicial estoppel, I disagree. Defendant cites cases from other jurisdictions in which courts have applied the doctrine to bar suits based on claims not disclosed in prior bankruptcy proceedings. As an initial matter, the Court notes that those cases involve Chapter 7 rather than Chapter 13 petitions. See e.g., Coffaro v. Crespo, 721 F.Supp.2d 141 (E.D.N.Y. 2010). That issue aside, the Third Circuit has made clear that all three prongs of the judicial estoppel doctrine must be satisfied before the doctrine is applied. Those prongs are:

> First, the party to be estopped must have taken two positions that are *irreconcilably inconsistent*. Second, judicial estoppel is unwarranted unless the party *changed his or her position in bad faith*—i.e., with intent to play fast and loose with the court. Finally, a district court may not employ judicial estoppel unless it is tailored to address the harm identified and *no lesser sanction would adequately remedy the damage done by the litigant's misconduct*.

In re Kane, 628 F.3d 631, 638 (3d Cir. 2010) (emphasis added). In a recent decision, the Circuit affirmed a district court's refusal to apply judicial estoppel where a litigant took a position in civil litigation that was irreconcilably inconsistent with a position she later took in a bankruptcy proceeding. The district court exercised its discretion not to apply judicial estoppel because "irreconcilable inconsistency is but the first of three prongs in a judicial estoppel analysis, and all three must be satisfied before a court opts to apply the doctrine." Id. at 639.

Likewise, here, even assuming that Plaintiff's failure to update his bankruptcy petition to reflect that he filed the instant suit constitutes an irreconcilably inconsistent position, Defendant has not pointed to any evidence of bad faith here. Moreover, that Plaintiff dismissed his own bankruptcy petition two months after this suit was filed, and that he did not receive the benefit of

6

discharge of his debts, further suggests that he did not possess an untoward motive in failing to update his petition.  Accordingly, I will not exercise my discretion to apply the doctrine of judicial estoppel in this case.  Having concluded that Plaintiff's claim is not barred due to a lack of standing or judicial estoppel, I now turn to the merits of his FDCPA claim.

## III.    FDCPA

The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.SC. § 1692(e). Specifically, the FDCPA prohibits the use of any conduct the natural consequences of which is to harass, oppress, or abuse any person, 15 U.S.C. § 1692d, any false, deceptive, or misleading representations or means, 15 U.S.C. § 1692e, and any unfair or unconscionable means, 15 U.S.C. § 1692f, to collect or attempt to collect any debt. The FDCPA creates a private cause of action against debt collectors who violate its provisions.  Brown v. Card Service Center, 464 F.3d 450, 453 (3d Cir. 2006) (citing 15 U.S.C. § 1692k).

In determining whether a communication from a debt collector violates the FDCPA, a court must analyze the debt collector's statements from the perspective of the "least sophisticated debtor," id. at 454; Campuzano-Burgos v. Midland Credit Mgmt., 550 F.3d 294, 301 (3d Cir. 2008), in order to protect "all consumers, the gullible as well as the shrewd." Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008) (quoting Brown, 464 F.3d at 454). Although the "least sophisticated consumer" standard is a low standard, it nonetheless " 'prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a

quotient of reasonableness and presuming a basic level of understanding and willingness to read

with care." Rosenau, 539 F.3d at 221 (quoting Wilson v. Quadramed Corp., 225 F.3d 350, 355

(3d Cir. 2000)).

The Third Circuit has held that the question of whether an unsophisticated consumer

would be confused by collection letter language is one of law rather than fact. Quadramed, 225

F.3d at 353 n.2. See also Campuzano-Burgos, 550 F.3d at 297-301 (treating question of whether

it is misleading for a senior officer of a debt collector to sign a collection letter as a "question of

law" and directing the district court to grant summary judgment on that question). However,

where there exists a genuine issue about an underlying material fact related to the determination

of whether a letter is misleading, summary judgment is inappropriate and the question may be

submitted to a jury. See Dutton v. Wolpoff and Abramson, 5 F.3d 649, 658 (3d Cir. 1993).[1]

Moreover, "[t]he FDCPA is a strict liability statute to the extent it imposes liability

without proof of an intentional violation." Allen ex rel. Martin v. LaSalle Bank, N.A., 629 F.3d

---

[1]       In the Quadramed decision, which was decided in 2000, the Third Circuit noted that
several circuits, excepting the  Seventh Circuit, had held that application of the least sophisticated
consumer standard to a debt collection letter is a question of law. See 225 F.3d at 353 n.2  Since
then, the Fifth Circuit has joined the Seventh Circuit in holding that application of the least
sophisticated consumer standard to collection letter language is a question of fact, rather than a
question of law. See Gonzalez v. Kay, 577 F.3d 600 (5th Cir. 2009), cert. denied, 130 S. Ct. 1505
(2010). In its most recent FDCPA ruling, the Third Circuit did not address whether it would revisit
its Quadramed holding because "[t]he District Court assumed that whether a communication is false
and misleading under the FDCPA is a question of law, and neither party challenge[d] [that] aspect
of the District Court's decision on appeal." Lesher v. Law Offices Of Mitchell N. Kay, PC, 650 F.3d
993, 996 n.6 (3d Cir. 2011).

364, 368 (3d Cir. 2011).  Here, the parties agree that Defendant is a debt collector and that Plaintiff is a consumer-debtor, therefore, the FDCPA applies.  Keeping these standards in mind, I now address the specific sections under which Plaintiff brings his FDCPA claim and rule separately on each party's motion.

1.   Defendant's Motion for Summary Judgment

Section 1692e generally prohibits the use of false or misleading representations: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  That section lists several specific examples of such false or misleading representations, including section 1692e(10) which prohibits ". . . [t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer," 15 U.S.C. § 1692e(10), and section 1692e(16) which prohibits "[t]he false representation or implication that a debt collector operates or is employed by a consumer reporting agency as defined by section 1681a(f) of this title."  15 U.S.C. § 1692e(16).  These specific subsections do not constitute an exhaustive list.  See Lesher v. Law Offices Of Mitchell N. Kay, PC, 650 F.3d 993, 997 (3d Cir. 2011).

Here, Defendant moves for summary judgment, arguing that Plaintiff has failed to demonstrate that the phrase "MEMBER EXPERIAN, EQUIFAX AND TRANSUNION CREDIT BUREAUS" is actually false.  Defendant points to several pieces of record evidence in support of its contention that it is, in fact, a member of the three credit bureaus.  In opposition to Defendant's motion, and also in support of his own cross-motion, Plaintiff challenges Defendant's evidence and points to further evidence suggesting that Defendant is not a member of TransUnion.  According to Plaintiff, "the Court need not even reach the question of whether

the [l]etter would deceive or mislead the least sophisticated debtor because the [l]etter is *actually false*." Pl. Opp. and Cross-Mot. at 11 (emphasis in original).

At the outset, I note that for the letter's statement to be true (or, not to be actually false), Defendant must be a member of all three bureaus.  It is not enough for Defendant to a member of one or two bureaus.  Hence I look to the evidence that both parties have submitted with respect to TransUnion, the one credit bureau for which Plaintiff has submitted seemingly countervailing evidence of Defendant's membership.

The only evidence that Defendant submits is a completed TransUnion Membership Application dated August 26, 1999.  Cipparulo Decl., Exh. B.  Defendant has not submitted any further documentation to demonstrate that the application was ever accepted or approved by TransUnion.  It goes without saying that proof that an application has been completed does not demonstrate one's membership in an organization.  This is particularly true when the application is almost ten years old; the application is dated August 26, 1999 and Defendant's letter stating that it is a member of TransUnion was received by Plaintiff on June 11, 2009.  Without more concrete evidence of Defendant's membership, no reasonable jury could conclude from the TransUnion application alone that Defendant is a member of TransUnion.  Because Plaintiff's claim is that Defendant falsely represented that it is a member of all three credit unions, that Defendant has failed to point to sufficient facts demonstrating that it is a member of Trans Union means that its motion for summary judgment, on this basis, must be denied.

With respect to section 1692f, that section forbids a debt collector from using unfair or unconscionable means to collect a debt.  See Huertas v. Galaxy Asset Mgmt, 641 F.3d 28, 32 (3d Cir. 2011).  As with section 1692e, Defendant's argument in support of its motion rises or falls

on whether Defendant falsely represented that it was a member of the three credit bureaus. Accordingly, because there is an open issue of fact as to Defendant's TransUnion membership status which makes summary judgment on Plaintiff's section 1692e claim inappropriate, summary judgment is likewise inappropriate under section 1692f.

Defendant further argues that it is entitled to summary judgment under subsections 1692e(10) and 1692e(16). As noted, those subsections are merely examples of the types of falsities and misrepresentations that are actionable under section 1692e generally. Because the Court has concluded that Defendant is not entitled to summary judgment on account of the open question of whether its letter was false, the Court need not address those two subsections in order to conclude that Plaintiff's FDCPA claim withstands summary judgment. Nevertheless, the Court addresses each of Defendant's arguments about those two subsections in the context of Plaintiff's cross-motion for summary judgment infra.

### 2      Plaintiff's Cross-Motion for Summary Judgment

As for Plaintiff's cross-motion for summary judgment on section 1692e, Plaintiff contends that Defendant's description of itself as a member of the three bureaus is actually false. In support of this argument, Plaintiff submits a declaration from Lynn Quinn, a Membership Manager for TransUnion. See Quinn Decl. at ¶ 1. As Membership Manager, her responsibilities include credentialing new customers, account set up, and imaging of membership documents and supporting service agreements. Id. at ¶ 2. Quinn states, in her declaration, that Plaintiff served her with a subpoena and that, in response to that subpoena, she searched TransUnion's business records "for documents responsive to the [plaintiff's] subpoena." Id. at ¶ 4. According to Quinn's declaration, her search revealed the following about Defendant's "business relationship"

with TransUnion:

> a.   Prior to February 15, 2002, [Defendant] had the ability to purchase credit information services concerning customers directly from TransUnion;
>
> b.   TransUnion terminated [Defendant's] customer subscriber code on February 14, 2002;
>
> c.   [Defendant] has not purchased credit information services concerning customers directly from TransUnion since February 15, 2002.

Id. at ¶ 5.

Notably, Quinn makes no mention of "membership" in her discussion of Defendant's account.  She states that Defendant previously had the ability to purchase credit information services but that, since February 2002, TransUnion terminated Defendant's "customer subscriber code" and that Defendant has not purchased credit information services.  Arguably, one could infer that Quinn's reference to Defendant's "customer subscriber code" must relate directly to Defendant's membership status, and that TransUnion's terminating of Defendant's code in February of 2002 suggests that Defendant was not a member of TransUnion when it mailed the letter to Plaintiff in 2009.  That Quinn is a "Membership Manager" and that she described records relating to TransUnion's "business relationship" with Defendant supports this inference.  On the other hand, considering the precise wording of Quinn's declaration, she does not state that Defendant is no longer a member of TransUnion.   Nor does she define the term "membership," or explain how Defendant's customer subscriber code relates to membership.

On a cross-motion for summary judgment, all inferences are to be drawn in the favor of the non-moving party—here, the Defendant.  J.S. ex rel. Snyder v. Blue Mountain School Dist., 650 F.3d 915, 925 (3d Cir. 2011) ("[W]here . . . the District Court considers cross-motions for

summary judgment the court construes facts and draws inferences in favor of the party against whom the motion under consideration is made.") (internal quotation marks omitted).  Viewing Plaintiff's evidence in the light most favorable to Defendant, I cannot conclude as a matter of law that Defendant is not a member of TransUnion because Quinn's declaration does not explicitly state as much.  Accordingly, Plaintiff's cross-motion for summary judgment must be denied as there remains a genuine issue of material fact as to Defendant's TransUnion membership status at the time the June 11, 2009 letter was sent.  See id. at 925 (defining a material disputed fact as one that "would affect the outcome of the suit as determined by the substantive law") (quoting Gray v. York Newspapers, Inc., 957 F.2d 1070, 1078 (3d Cir. 1992)).[2]

In further support of its cross-motion, Plaintiff generally argues that the letter would mislead the least sophisticated consumer, which violates subsection 1692e(10) of the FDCPA. As noted, section 1692e(10) prohibits ". . . [t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).  To the extent that Plaintiff's claim is that Defendant falsely represented its membership status, the Court has already concluded that there remains an issue of fact as to whether Defendant is a member of TransUnion.  Moreover, Plaintiff does not explain how the letter is otherwise deceptive and fails to cite any case law holding that such language could be deceptive if actually true.[3]  Accordingly, Plaintiff is not entitled to judgment under subsection

---

[2]    While the parties also debate whether Defendant is a member of the Experian and Equifax credit bureaus, the Court need not rule upon Defendant's membership in these two bureaus because the open issue of material fact as to whether Defendant is a member of TransUnion alone precludes summary judgment.

[3]    One could conceive of the argument that a collection agency that advertises itself as a member of a credit bureau might imply that the agency has a special status with the bureau that could expedite the agency's reporting of the debtor's account status.  However, Plaintiff has not

1692e(10).

Plaintiff further argues that he is entitled to summary judgment under subsection 1692e(16) of the FDCPA, which prohibits "[t]he false representation or implication that a debt collector operates or is employed by a consumer reporting agency ...."  15 U.S.C. § 1692e(16). Plaintiff argues that, even assuming that Defendant is actually a member of all three credit bureaus, the letter violates subsection 1692e(16) because it falsely implies to the least sophisticated consumer that Defendant operates or is employed by the credit bureaus. Conversely, Defendant argues that simply denoting its membership does not convey that it is employed by or operated by such an agency.  Defendant relies on several out-of-district cases that have addressed subsection 1692e(16):  Wright v. Credit Bureau of Georgia, Inc., 548 F.Supp. 591 (D.C.Ga. 1982)[4], McKenzie v. E.A. Uffman and Assoc., Inc., 119 F.3d 358 (5th Cir. 1997), and Catherman v. Credit Bureau of Greater Harrisburg, 634 F.Supp. 693 (E.D.Pa. 1986).

Wright, McKenzie, and Catherman are factually distinguishable because the letters in those cases explicitly referred to the defendant as a credit bureau.  In Wright, the defendant prominently used "credit bureau" in its letterhead.  548 F.Supp. at 598.  Similarly, in McKenzie, the defendant referred to itself as "Collections Department, Credit Bureau of Baton Rouge."  119 F.3d at 360.  And, the defendant in Catherman referred to itself as "Credit Bureau of Greater Harrisburg."  634 F.Supp. at 695.

made that argument here.  Furthermore, while Plaintiff cites to a footnote in Wilson, 225 F.3d at 353 n.2, that footnote addresses "whether language in a collection letter contradicts or overshadows the validation notice is a question of law."  Id.   That footnote sheds no light on whether the letter at issue in this case is misleading.

[4]     For clarity's sake, the Court notes that this decision was amended on reconsideration. See  Wright v. Credit Bureau of Georgia, Inc., 555 F.Supp. 1005 (D.C.Ga. 1982).  That amendment does not affect the Court's citation to the facts of the initial decision here.

Here, in contrast, the subject letter stated that Defendant is a "member" of the three credit bureaus—not that Defendant is a credit bureau.  In my view, therefore, Wright, McKenzie, and Catherman do not assist the Court in discerning how the least sophisticated consumer would interpret the reference to membership in Defendant's letter.[5]  Furthermore, Plaintiff has not cited any cases applying subsection 1692e(16), and this Court's research has not revealed any cases that involve a collection agency's use of the term "member" in the context in which it was used here.

There is one Seventh Circuit case that addressed a letter that referred to the defendant collection agency as a "creditors bureau."  In the letter at issue in that case, Pettit v. Retrieval Masters Creditors Bureau, 211 F.3d 1057 (7th Cir. 2000), the defendant referred to itself as "RETRIEVAL MASTERS CREDITORS BUREAU, INC."  Rejecting the plaintiff's argument that the title "creditors bureau" would lead an unsophisticated debtor to infer that the defendant was employed or operated by a credit reporting agency, the circuit reasoned that the letter did

> not suffer from the usual defects which result in FDCPA liability. For instance, it does not contain an explicit statement that [defendant] is a credit bureau. There are not inconsistent or contradictory assertions concerning [defendant's] status with respect to being a credit bureau or a collection agency, and the letter does not bury or overshadow its identification of [defendant] as a collection agency with a suggestion that it is a credit bureau.

Id. at 1061.  Arguably, this same rationale applies here, where Defendant stated only that it was a

---

[5]     Moreover, Wright and Catherman are further distinguishable in that the defendants in those cases were comprised of two separate divisions—one a consumer reporting agency and the other a collection agency.  The Wright court held that it was misleading for the defendant not to clarify that it was comprised of two separate divisions.  548 F.Supp. at 598.  Catherman reached the opposite conclusion, holding that "there is no inherent misrepresentation in speaking of the Credit Bureau as one entity, encompassing both divisions."  634 F.Supp. at 695.

member of the three bureaus.  Pettit is nonetheless factually distinguishable because the letter in that case, similar to those at issue in Wright, McKenzie, and Catherman, still included the term "bureau."

In the With no cases for guidance, I could resort to the dictionary definition of "member" but that definition is unhelpful here.  The standard dictionary definition of member is "one of the individuals composing a group."  Webster's Ninth New Collegiate Dictionary at 740 (1985). Applying that definition here could imply that Defendant is part of the three credit bureaus, which may suggest that Defendant is employed or operated by the bureaus.  However, to say that one is a member of a group does not typically imply that one is an employee or operated by that same group.  In other words, while a technical reading of the dictionary definition may support Plaintiff's interpretation of the letter, the connotation that member generally conveys does not.

In the Returning to the plain text of subsection 1692e(16), it is important to keep in mind that only the "[t]he false representation or implication that a debt collector operates or is employed by a consumer reporting agency ...." is actionable.  15 U.S.C. § 1692e(16) (emphasis added). Indeed, "[t]he purpose of this provision is to prevent debt collectors from coercing payments from debtors by falsely leading them to believe that the failure to pay the debt will adversely affect the debtor's credit rating and ability to obtain credit."  Pettit, 211 F.3d at 1060 (emphasis added).  Therefore, while Plaintiff argues that Defendant's letter is misleading even if actually true, I find no support for that argument in the plain text of the statute.  Rather, the plain text of subsection 1692e(16) indicates that the letter must include a false representation or false implication.  This leads me to conclude that Plaintiff is not entitled to summary judgment under subsection 1692e(16) because there remains a genuine issue of fact as to whether Defendant is

16

actually a member of TransUnion.

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is denied.   In addition, Plaintiff's cross-motion for summary judgment is also denied.


DATED: December 21, 2011                              /s/ Freda L. Wolfson_____
                                                       Freda L. Wolfson, U.S.D.J.